IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEPH DURAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-00143-KC |
| | § | JURY |
| RYE DWAYNE BROCK and | § | |
| THE CINCINNATI INDEMNITY | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT THE CINCINNATI INDEMNITY COMPANY'S
AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 and Federal Rule of Civil Procedure 81, Defendant, The Cincinnati Indemnity Company (hereinafter, "CIC") hereby files this Amended Notice of Removal. Pursuant to 28 U.S.C. § 1446(a), CIC sets forth the following "short and plain statement of the grounds for removal."

**A.   THE REMOVED CASE**

1.   The removed case is a civil action originally filed with the County Court at Law Number Three of El Paso County, Texas (hereinafter, the "State Court"), on March 5, 2020, styled *Joseph Duran v. Rye Dwayne Brock and The Cincinnati Indemnity Company*, Cause No. 2020-DCV-0872 (hereinafter, the "State Court Action"). The removed case arises from a motor vehicle accident involving Plaintiff, Joseph Duran (hereinafter, "Plaintiff" or "Duran"), which occurred on March 5, 2018,

in El Paso County, Texas (hereinafter, the "Incident").

**B.     DOCUMENTS FROM THE REMOVED CASE**

2.     Pursuant to 28 U.S.C. § 1446(a), CIC attached to the Notice of Removal a copy of all process, pleadings, and orders served upon CIC.[1]

**C.     REMOVAL IS TIMELY**

3.     Plaintiff filed the State Court Action with the State Court on March 5, 2020. CIC was served with the State Court Action on April 21, 2020.[2] Therefore, the Notice of Removal was filed within the time limits specified in 28 U.S.C. § 1446(b).

4.     This Amended Notice of Removal is being filed pursuant to the Court's order dated July 21, 2020, which required CIC to affirmatively state each party's state of citizenship at the time the action was filed in state court and at the time it was removed to U.S. District Court.[3]

**D.     VENUE IS PROPER**

5.     The United States District Court for the Western District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the State Court is located within the jurisdiction of the United States District Court for the Western District of Texas, El Paso Division.

**E.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

6.     This is a civil action that falls under this Court's original jurisdiction

---

[1] ECF No. 1-1.
[2] *See, id.*
[3] ECF No. 10.

pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

7. Plaintiff's citizenship was not initially disclosed in the State Court Action. Plaintiff had failed to properly plead his own state of residence, in violation of Texas Rule of Civil Procedure 79.[4] Plaintiff has since confirmed CIC's contention that he is a citizen of New Mexico,[5] pursuant to the Court's Order[6] that Plaintiff state his citizenship at the time the case was filed in the State Court and at the time the case was removed.

8. Defendant CIC is a foreign corporation organized and existing under the laws of the State of Ohio. Its principal place of business is also located in Ohio. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), CIC is a not a citizen of the State of Texas.

9. At the time of the removal, Defendant Rye Dwayne Brock (hereinafter, "Brock"), had not been served in the State Court Action and his citizenship had not been determined. Plaintiff contends that Brock is a resident of Texas.[7] Brock remains unserved to date.

10. The complete diversity requirement is met. Since Plaintiff is a resident of New Mexico, then complete diversity exists because no defendant is a resident of

---

[4] TEX. R. CIV. P. 79 (stating that "[t]he petition shall state the names of the parties and their residences, if known . . ..")
[5] ECF No. 9.
[6] ECF No. 7.
[7] *See* ECF No. 1-1, Pl. Orig. Pet. ¶ 2.02; ECF No. 9.

New Mexico. Further, as discussed below, this is a valid "snap removal" because Brock, the Texas resident, had not been served at the time of removal.

11. The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined ***and served*** as defendants are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Because of this, although Plaintiff contends that Brock is a Texas resident, Brock had not been served in the State Court Action at the time of removal (and remains unserved to date).

12. The Fifth Circuit has held that a non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state.[8] Prior to the Fifth Circuit's recent decision in *Texas Brine Co.,* the United States District Court for the Western District of Texas recognized the propriety of "snap removal" in a case such as this one.[9] A number of other courts have recognized the legitimacy of "snap removal" as well.[10]

---

[8] *Texas Brine Co., LLC v. American Arbitration Association, Inc.*, 2020 WL 1682777 at **3-4 (5th Cir. April 7, 2020).

[9] *LMN Consulting, Inc. v. DaVincian Healthcare, Inc.,* Civil Action No. A-18-CV-1085-LY, 2019 WL 2565281, at *1 (W.D. Tex. April 26, 2019).

[10] *E.g., Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151 (3rd Circ. 2018), *reh'g denied* (Sep. 17, 2018); *El-Issa v. Allstate Vehicle and Property Ins. Co.,* Case No.4:19-cv-0984, 2019 WL 8128255 at **1-2 (S.D. Tex. 2019); *Perez v. ZTE (USA), Inc.*, No. 3:18-CV-2948-B, 2019 WL 1429654 (N.D. Tex. Mar. 29, 2019); *Putnam v. Coleman*, Case No. 4:18-cv-0765, 2017 WL 4103233 at **1-2 (S.D. Tex. 2018); *Superior Home Health Services, LLC v. Philadelphia Indemnity Insurance Co.,* Case No. 1:17-cv-00195, 2017 WL 11238061 at **2-3 (S.D. Tex. 2017); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

13. Consent is not necessary in this removal because no other defendant has been served.

14. Because Plaintiff is a resident of New Mexico and CIC is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. Therefore, the diversity of citizenship requirement is satisfied.

## F. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. Plaintiff alleges in his Original Petition that he seeks damages in monetary relief between $200,000.00 and $1,000,000.00.[11] Plaintiffs also seek to recover damages against CIC for pre-judgment and post-judgment interest.[12]

16. Based on all of the aforementioned facts, the State Court Action may be removed to this Court by CIC in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## G. FILING OF REMOVAL PAPERS

17. Pursuant to 28 U.S.C. § 1446(d), CIC has provided written notice of the filing of the Notice of Removal to all counsel of record and has filed a copy of the Notice with the clerk of the State Court in which this action was originally commenced.

---

[11] ECF No. 1-1, Pl. Orig. Pet. ¶ 17.02.
[12] *Id.*

## H.  CONCLUSION

18. Defendant, The Cincinnati Indemnity Company, hereby files its Amended Notice of Removal to maintain the removal of the above-captioned action from the County Court at Law Number Three of El Paso County, Texas, and requests that further proceedings continue to be conducted in the United States District Court for the Western District of Texas, El Paso Division, as provided by law.

Respectfully submitted,

**MAYER LLP**

By: */s/ Brian J. Fisher*
Zach T. Mayer
Texas Bar No. 24013118
Email: zmayer@mayerllp.com

750 North St. Paul, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939

Brian J. Fisher
Texas Bar No. 24032178
Email: bfisher@mayerllp.com

9400 Holly Avenue NE, Building 3B
Albuquerque, New Mexico 87122
Telephone: 505.595.1414
Facsimile: 505.595.1415

**ATTORNEYS FOR DEFENDANT THE CINCINNATI INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

      This is to certify that on the 4th day of August, 2020, a true and correct copy of the foregoing pleading has been forwarded to all known counsel of record as follows:

**Via CM/ECF**
**Via Email**
Robert L. Lovett
LOVETT LAW FIRM
619 Arizona Avenue
El Paso, Texas 79902

                                                    */s/ Brian J. Fisher*
                                                       Brian J. Fisher